JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Christopher Holloway

**(b)** County of Residence of First Listed Plaintiff: York County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John M. Popilock, Esq. Law Offices of Robert A. Stutman; 500 Office Center Drive, Suite 301, Fort Washington, PA 19034

## DEFENDANTS

IVESCO Holdings, LLC; IVESCO, LLC, MWI Veterinary Supply, Inc., Christopher McGuffin

County of Residence of First Listed Defendant: Hardin County, IA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Joseph R. Bonfig, Esq., Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy P.C. 1818 Market Street, 13th Fl, Philadelphia, PA.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. Section 1332 (a)(1)

Brief description of cause: Negligence against bus company following assault by bus driver

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 06/02/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER HOLLOWAY<br>*Plaintiff*<br>v.<br><br>IVESCO HOLDINGS, LLC; IVESCO, LLC, MWI VETERINARY SUPPLY, INC., AND CHRISTOPHER MCGUFFIN<br><br>*Defendants* | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants, IVESCO Holdings, LLC, IVESCO, LLC, MWI Veterinary, Inc., and Christopher McGuffin (collectively "Defendants"), by and through their attorneys, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, hereby file this Notice of Removal of the present case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and respectfully aver as follows:

1. Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. Upon information and belief, Defendants were served with Plaintiff's Complaint on May 16, 2016.

3. At all times material hereto, Plaintiff, Christopher Holloway is/was a citizen of, and domiciled in, the Commonwealth of Pennsylvania.

4. At all times material hereto, IVESCO Holdings, LLC was a corporation organized under Delaware law, with its principal place of business in Iowa Falls, Iowa and thus, , IVESCO Holdings, LLC is/was a citizen of Delaware and/or Iowa pursuant to 28 U.S.C §1332.

5. At all times material hereto, IVESCO, LLC was a corporation organized under Iowa law, with its principal place of business in Iowa Falls, Iowa and thus, IVESCO, LLC is/was a citizen of Iowa pursuant to 28 U.S.C §1332.

6. At all times material hereto, MWI Veterinary Supply, Inc. was a corporation organized under Idaho law, with its principal place of business in Boise, Idaho and thus, MWI Veterinary Supply, Inc. is/was a citizen of Idaho pursuant to 28 U.S.C §1332.

7. At all times material hereto, Christopher McGuffin is/was a citizen of (and domiciled in) the State of Virginia.

8. This case arises out of an incident that occurred in Bel Air, Maryland when Defendant McGuffin allegedly backed into Plaintiff while preparing to unload a tractor trailer.

9. In the Complaint, Plaintiff specifically alleges that Defendants' carelessness and negligence caused Plaintiff's injuries. Exhibit "A" at ¶¶ 23, 34, 45, and 53.

10. Plaintiff's Complaint seeks damages in excess of $50,000.00. Exhibit "A."

11. Based upon a fair reading of the Complaint, Plaintiff has set forth claims in an amount in excess of the jurisdictional limits of $75,000.00, exclusive of interest and costs.

12. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between Plaintiff and Defendants, since they are citizens of different states.

13. The diversity of citizenship which existed at the time that this action was commenced continues through the time of filing of this Notice, thus entitling Defendants to removal pursuant to 28 U.S.C §1441, as amended, and 28 U.S.C. §1446.

14. All Defendants to this action are represented by the undersigned counsel, and expressly consent to this removal.

15. In compliance with 28 U.S.C. §1446(a), Defendants have not been served with any other process, pleadings, and/or orders in this matter aside from Plaintiff's Complaint.

16. A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Philadelphia County as provided by 28 U.S.C. 28 U.S.C. §1446(b).

**WHEREFORE**, Defendants request that the above captioned action, now pending in the Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

By: ______________________

JOSEPH R. BONFIG, ESQUIRE
ROSS J. DI BONO, ESQUIRE
**ZARWIN, BAUM, DEVITO, KAPLAN,**
**SCHAER & TODDY, P.C.**
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Facsimile: (215) 569-1606
*Attorneys for Defendants,*
*IVESCO Holdings, LLC, IVESCO, LLC,*
*MWI Veterinary Supply, Inc. and*
*Christopher McGuffin*
*jrbonfig@zarwin.com*
*rjdibono@zarwin.com*

Date: June 2, 2016

**CERTIFICATE OF SERVICE**

I, Joseph R. Bonfig, Esquire certify that on this date, a true and correct copy of the Notice of Removal of Plaintiff's Complaint was served by First Class U.S. Mail postage prepaid to the following:

John M. Popilock, Esq.
David A. Herman, Esq.
Law Offices of Robert A. Stutmen, P.C.
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
*Attorneys for Plaintiff*

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

By: ______________________________
JOSEPH R. BONFIG, ESQUIRE
ROSS J. DI BONO, ESQUIRE
**ZARWIN, BAUM, DEVITO, KAPLAN,**
**SCHAER & TODDY, P.C.**
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Facsimile: (215) 569-1606
*Attorneys for Defendants,*
*IVESCO Holdings, LLC, IVESCO, LLC,*
*MWI Veterinary Supply, Inc. and*
*Christopher McGuffin*
*jrbonfig@zarwin.com*
*rjdibono@zarwin.com*

Date: June 2, 2016

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MAY 2016 001679
E-Filing Number: 1605031580

**PLAINTIFF'S NAME**
CHRISTOPHER HOLLOWAY

**PLAINTIFF'S ADDRESS**
15 E. MAIN STREET
NEW FREEDOM PA 17349

**DEFENDANT'S NAME**
IVESCO HOLDINGS, LLC

**DEFENDANT'S ADDRESS**
124 COUNTRY CLUB LANE
IOWA FALLS IA 50126

**PLAINTIFF'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S NAME**
IVESCO, LLC

**DEFENDANT'S ADDRESS**
124 COUNTRY CLUB LANE
IOWA FALLS IA 50126

**PLAINTIFF'S NAME**

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S NAME**
MWI VETERINARY SUPPLY, INC.

**DEFENDANT'S ADDRESS**
3041 W. PASADENA DRIVE
BOISE ID 83705

**TOTAL NUMBER OF PLAINTIFFS:** 1

**TOTAL NUMBER OF DEFENDANTS:** 4

**COMMENCEMENT OF ACTION**
- [X] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
MAY 12 2016
E. MASCUILLI

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTOPHER HOLLOWAY

Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
JOHN M. POPILOCK

**ADDRESS**
LAW OFFICES OF ROBERT STUTMAN
500 OFFICE CENTER DRIVE
SUITE 301
FORT WASHINGTON PA 19034

**PHONE NUMBER:** (215)283-1177

**FAX NUMBER:** (215)283-1188

**SUPREME COURT IDENTIFICATION NO.:** 72671

**E-MAIL ADDRESS:** PopilockJ@StutmanLaw.com

**SIGNATURE OF FILING ATTORNEY OR PARTY:** *JOHN POPILOCK*

**DATE SUBMITTED:** Thursday, May 12, 2016, 05:14 pm

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. IVESCO HOLDINGS, LLC
   124 COUNTRY CLUB LANE
   IOWA FALLS IA 50126
2. IVESCO, LLC
   124 COUNTRY CLUB LANE
   IOWA FALLS IA 50126
3. MWI VETERINARY SUPPLY, INC.
   3041 W. PASADENA DRIVE
   BOISE ID 83705
4. CHRISTOPHER MCGUFFIN
   99 LAUREL HILL ROAD
   VERONA VA 24482

LAW OFFICES OF ROBERT A. STUTMAN, P.C.
By: John M. Popilock, Esquire
By: David A. Herman, Esquire
Attorney I.D. Nos.: 72671/209357
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
Tel: (215) 283-1177
Fax: (215) 283-1188
*Attorneys for Plaintiffs*

**THIS IS A MAJOR JURY MATTER.**

**ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

Filed and Attested by the Office of Judicial Records 12 MAY 2016 02:14 pm

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER HOLLOWAY**<br>15 E. Main Street<br>New Freedom, PA 17349<br><br>Plaintiff,<br><br>v.<br><br>**IVESCO Holdings, LLC**<br>124 Country Club Lane<br>Iowa Falls, IA 50126<br><br>and<br><br>**IVESCO, LLC**<br>124 Country Club Lane<br>Iowa Falls, IA 50126<br><br>and<br><br>**MWI VETERINARY SUPPLY, INC.**<br>3041 W. Pasadena Drive<br>Boise, ID 83705<br><br>and<br><br>**CHRISTOPHER McGUFFIN**<br>99 Laurel Hill Road<br>Verona, VA 24482<br><br>Defendants. | CIVIL ACTION<br><br>___________ TERM, No.:<br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Philadelphia Bar Association**
**Lawyer Referral & Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**Telephone: (215) 238-1701**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defen derse de estas demandas expuestas en las paginas siguientes, usted tiene veinte dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Associacion DeLicenciados De Filadelfia**
**Servicio DeReferencia E Información Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

**LAW OFFICES OF ROBERT A. STUTMAN, P.C.**
By: John M. Popilock, Esquire
By: David A. Herman, Esquire
Attorney I.D. Nos.: 72671/209357
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
Tel: (215) 283-1177
Fax: (215) 283-1188
*Attorneys for Plaintiffs*

**THIS IS A MAJOR JURY MATTER.**

**ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER HOLLOWAY**<br>15 E. Main Street<br>New Freedom, PA 17349<br><br>Plaintiff,<br><br>v.<br><br>**IVESCO Holdings, LLC**<br>124 Country Club Lane<br>Iowa Falls, IA 50126<br><br>and<br><br>**IVESCO, LLC**<br>124 Country Club Lane<br>Iowa Falls, IA 50126<br><br>and<br><br>**MWI VETERINARY SUPPLY, INC.**<br>3041 W. Pasadena Drive<br>Boise, ID 83705<br><br>and<br><br>**CHRISTOPHER McGUFFIN**<br>99 Laurel Hill Road<br>Verona, VA 24482<br><br>Defendants. | CIVIL ACTION<br><br>____________ TERM, No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION - COMPLAINT

**AND NOW**, comes Plaintiff, Christopher Holloway by and through his counsel, the Law Offices of Robert A. Stutman, P.C., and files this Complaint in Civil Action averring as follows:

## PARTIES

1. Plaintiff, Christopher Holloway (hereafter, "Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 15 East Main Street, New Freedom, Pennsylvania 17349.

2. Defendant, IVESCO Holdings, LLC is a Delaware limited liability company with a principal place of business located at 124 Country Club Road, Iowa Falls, Iowa 50126.

3. Defendant, IVESCO, LLC is an Iowa limited liability company with a principal place of business located at 124 Country Club Road, Iowa Falls, Iowa 50126.

4. Defendant, MWI Veterinary Supply, Inc. is an Idaho corporation with a principal place of business located at 3041 W. Pasadena Drive, Boise, Idaho 83705.

5. Defendant, Christopher McGuffin (hereafter, "McGuffin") is an adult individual residing at 99 Laurel Hill Road, Verona, Virginia 24482.

6. At all times relevant hereto, McGuffin was an employee of Defendants, IVESCO Holdings, LLC, IVESCO, LLC and/or MWI Veterinary Supply, Inc. (hereafter, collectively, the "Corporate Defendants"), and at all times relevant hereto, McGuffin was acting within the course and scope of such employment.

7. Specifically, at all times relevant hereto, McGuffin was a truck driver who delivered products/shipments on behalf of his employers, the Corporate Defendants.

## JURISDICTION AND VENUE

8. Jurisdiction properly lies in this Court pursuant to 42 Pa.C.S.A. § 5301 because the Defendants systematically and continuously conduct business in Pennsylvania.

9. Specifically, the Defendants design, manufacture, sell, transport, distribute and/or deliver products in Pennsylvania.

10. Venue in this action properly lies in Philadelphia County pursuant to Pa.R.C.P. 2179(a), because the Corporate Defendants regularly conduct business in Philadelphia County, Pennsylvania.

## FACTS

11. On or about June 24, 2014, Plaintiff was working in his capacity as an employee of The Mill of Bel Air (hereafter, "The Mill").

12. Specifically, at or around of the time of the accident described below, Plaintiff was engaged by his employer to receive a product/supply shipment that was being delivered by the Defendants.

13. McGuffin, in his capacity as a truck driver-employee of the Corporate Defendants, drove his truck onto the premises of The Mill with the intention of making a product/supply delivery.

14. Shortly after McGuffin entered the premises of The Mill, Plaintiff observed McGuffin park the truck in or near the loading dock/delivery area.

15. Per his typical custom and practice, Plaintiff approached the rear of the Defendants' delivery vehicle on a forklift with an intention to commence offloading of the product shipment.

16. Also per his typical custom and practice, Plaintiff positioned himself behind the Defendants' delivery vehicle with the intention to begin unloading the shipment.

17. Shortly thereafter, and without warning, Defendants' delivery vehicle began moving in reverse, striking Holloway and pinning him between the Defendants' delivery vehicle and the forklift.

**COUNT I**
**Plaintiff v. IVESCO Holdings, LLC**

18. Plaintiff hereby incorporates by reference each and every one of the above paragraphs as though more fully set forth herein at length.

19. The incident, as described above, occurred solely because of the negligence of Defendant, IVESCO Holdings, LLC, through the acts/omissions of its agent/employee, Defendant, Christopher McGuffin.

20. Specifically, in his capacity as agent/employee of Defendant, IVESCO Holdings, LLC, McGuffin's negligence consisted of, *inter alia*, the following acts and/or omissions:

a. Failing to exercise reasonable care when operating his vehicle;

b. Failing to observe and account for his surroundings prior to moving his vehicle in reverse;

c. Failing to ensure that pedestrians, such as the Plaintiff, were not positioned behind his vehicle before moving his vehicle in reverse;

d. Failing to drive at a safe and appropriate speed;

e. Failing to maintain control of his tractor trailer;

f. Failing to operate his tractor trailer in such a way as to ensure the safety of nearby individuals, such as the Plaintiff;

g. Operating his tractor trailer without regard to the safety of pedestrians around him; and

h. Operating his tractor trailer in a manner striking the Plaintiff.

21. Defendant, IVESCO Holdings, LLC, was negligent in its hiring and retention and supervision of McGuffin, who, upon information and belief, was known to be an unsafe driver.

22. The negligence and carelessness of IVESCO Holdings, LLC consisted, inter alia, of the following:

a. Negligently entrusting McGuffin with the tractor trailer owned by IVESCO Holdings, LLC when it knew or should have known that McGuffin lacked sufficient skill, judgment and prudence in the operation of a tractor-trailer;

b. Failure to adequately instruct McGuffin in the safe operation of the tractor-trailer prior to entrusting him with a tractor-trailer which IVESCO Holdings, LLC owned and/or controlled;

c. Failure to prevent McGuffin from operating the tractor-trailer of which IVESCO Holdings, LLC was the owner and/or over which it exercised control until he had sufficient ability to operate the motor vehicle safely;

d. Failure to adequately ascertain that McGuffin lacked the ability necessary to operate the tractor-trailer owned and/or controlled by IVESCO Holdings, LLC;

e. Failure to provide McGuffin with equipment necessary to safely operate the tractor-trailer;

f. Failure to operate, maintain, inspect and repair the tractor trailer in accordance with Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. 396.3, and Pennsylvania statutes and regulations;

g. Operating its tractor trailer in violation of the Federal Motor Carrier Safety Regulations;

h. Failure to properly qualify McGuffin as required by Federal Motor Carrier Safety Regulation 49 C.F.R. 391, et seq.

i. Failure to properly supervise McGuffin in the operation of its tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations;

j. Failure to properly maintain and inspect the tractor-trailer; and

k. Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pa. Rules of Civil Procedure.

23. As a result of the negligence and carelessness of the Defendants, Plaintiff suffered significant permanent injuries, including but not limited to a leg fracture, the tearing of his ACL, which necessitated surgery, and other serious injuries.

24. Due to the various injuries Plaintiff suffered in the subject accident, he has endured ongoing pain and suffering and now continues to experience physical limitations that affect his daily life.

25. Due to the various injuries Plaintiff suffered in the subject accident, he can no longer work to the same extent and in the same capacity as he did prior to the accident, and such loss shall continue indefinitely into the future.

26. Plaintiff's work limitations will continue indefinitely and are permanent in nature, impairing his earning capacity.

27. Plaintiff incurred medical expenses and will continue to incur future medical expenses related to the injuries he sustained as a result of the aforementioned accident.

28. Plaintiff suffered wage loss and will continue to endure future wage loss related to the injuries he sustained as a result of the aforementioned accident.

**WHEREFORE**, Plaintiff, Christopher Holloway, prays for judgment in his favor and against the Defendants in an amount in excess of $50,000.00, together with interest, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT II**
**Plaintiff v. IVESCO, LLC**

29. Plaintiff hereby incorporates by reference each and every one of the above paragraphs as though more fully set forth herein at length.

30. The incident, as described above, occurred solely because of the negligence of Defendant, IVESCO, LLC, through the acts/omissions of its agent/employee, Defendant, Christopher McGuffin.

31. Specifically, in his capacity as agent/employee of Defendant, IVESCO, LLC, McGuffin's negligence consisted of, *inter alia*, the following acts and/or omissions:

a. Failing to exercise reasonable care when operating his vehicle;

b. Failing to observe and account for his surroundings prior to moving his vehicle in reverse;

c. Failing to ensure that pedestrians, such as the Plaintiff, were not positioned behind his vehicle before moving his vehicle in reverse;

d. Failing to drive at a safe and appropriate speed;

e. Failing to maintain control of his tractor trailer;

f. Failing to operate his tractor trailer in such a way as to ensure the safety of nearby individuals, such as the Plaintiff;

g. Operating his tractor trailer without regard to the safety of pedestrians around him; and

h. Operating his tractor trailer in a manner striking the Plaintiff.

32. Defendant, IVESCO, LLC, was negligent in its hiring and retention and supervision of McGuffin, whom it is believed and averred had a driving history showing that he was an unsafe driver who had acted negligently in the past.

33. The negligence and carelessness of IVESCO, LLC consisted, inter alia, of the following:

a. Negligently entrusting McGuffin with the tractor trailer owned by IVESCO, LLC when it knew or should have known that McGuffin lacked sufficient skill, judgment and prudence in the operation of a tractor-trailer;

b. Failure to adequately instruct McGuffin in the safe operation of the tractor-trailer prior to entrusting him with a tractor-trailer which IVESCO, LLC owned and/or controlled;

c. Failure to prevent McGuffin from operating the tractor-trailer of which IVESCO, LLC was the owner and/or over which it exercised control until he had sufficient ability to operate the motor vehicle safely;

d. Failure to adequately ascertain that McGuffin lacked the ability necessary to operate the tractor-trailer owned and/or controlled by IVESCO, LLC;

e. Failure to provide McGuffin with equipment necessary to safely operate the tractor-trailer;

f. Failure to operate, maintain, inspect and repair the tractor trailer in accordance with Federal Motor Carrier Safety Regulations, particularly 49 C.F.R. 396.3, and Pennsylvania statutes and regulations;

g. Operating its tractor trailer in violation of the Federal Motor Carrier Safety Regulations;

h. Failure to properly qualify McGuffin as required by Federal Motor Carrier Safety Regulation 49 C.F.R. 391 et seq.

i. Failure to properly supervise McGuffin in the operation of its tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations;

j. Failure to properly maintain and inspect the tractor-trailer; and

k. Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pa. Rules of Civil Procedure.

34. As a result of the negligence and carelessness of the Defendants, Plaintiff suffered significant permanent injuries, including but not limited to a leg fracture, the tearing of his ACL, which necessitated surgery, and other serious injuries.

35. Due to the various injuries Plaintiff suffered in the subject accident, he has endured ongoing pain and suffering and now continues to experience physical limitations that affect his daily life.

36. Due to the various injuries Plaintiff suffered in the subject accident, he can no longer work to the same extent and in the same capacity as he did prior to the accident, and such loss shall continue indefinitely into the future.

37. Plaintiff's work limitations will continue indefinitely and are permanent in nature, impairing his earning capacity.

38. Plaintiff incurred medical expenses and will continue to incur future medical expenses related to the injuries he sustained as a result of the aforementioned accident.

39. Plaintiff suffered wage loss and will continue to endure future wage loss related to the injuries he sustained as a result of the aforementioned accident.

**WHEREFORE**, Plaintiff, Christopher Holloway, prays for judgment in his favor and against the Defendants in an amount in excess of $50,000.00, together with interest, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT III**
**Plaintiff v. MWI Veterinary Supply, Inc.**

40. Plaintiff hereby incorporates by reference each and every one of the above paragraphs as though more fully set forth herein at length.

41. The incident, as described above, occurred solely because of the negligence of Defendant, MWI Veterinary Supply, Inc., through the acts/omissions of its agent/employee, Defendant, Christopher McGuffin.

42. Specifically, in his capacity as agent/employee of Defendant, MWI Veterinary Supply, Inc., McGuffin's negligence consisted of, *inter alia*, the following acts and/or omissions:

a. Failing to exercise reasonable care when operating his vehicle;

b. Failing to observe and account for his surroundings prior to moving his vehicle in reverse;

c. Failing to ensure that pedestrians, such as the Plaintiff, were not positioned behind his vehicle before moving his vehicle in reverse;

d. Failing to drive at a safe and appropriate speed;

e. Failing to maintain control of his tractor trailer;

i. Failure to properly supervise McGuffin in the operation of its tractor-trailer to ensure compliance with the Federal Motor Carrier Safety Regulations;

j. Failure to properly maintain and inspect the tractor-trailer; and

k. Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pa. Rules of Civil Procedure.

45. As a result of the negligence and carelessness of the Defendants, Plaintiff suffered significant permanent injuries, including but not limited to a leg fracture, the tearing of his ACL, which necessitated surgery, and other serious injuries.

46. Due to the various injuries Plaintiff suffered in the subject accident, he has endured ongoing pain and suffering, and now continues to experience physical limitations that affect his daily life.

47. Due to the various injuries Plaintiff suffered in the subject accident, he can no longer work to the same extent and in the same capacity as he did prior to the accident, and such loss shall continue indefinitely into the future.

48. Plaintiff's work limitations will continue indefinitely and are permanent in nature, impairing his earning capacity.

49. Plaintiff incurred medical expenses and will continue to incur future medical expenses related to the injuries he sustained as a result of the aforementioned accident.

50. Plaintiff suffered wage loss and will continue to endure future wage loss related to the injuries he sustained as a result of the aforementioned accident.

**WHEREFORE**, Plaintiff, Christopher Holloway, prays for judgment in his favor and against the against the Defendants in an amount in excess of $50,000.00, together with interest, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV
**Plaintiff v. Christopher McGuffin**

51. Plaintiff hereby incorporates by reference each and every one of the above paragraphs as though more fully set forth herein at length.

52. The incident, as described above, occurred solely because of the negligence of Defendant, Christopher McGuffin, which consisted of, *inter alia*, the following acts and/or omissions:

a. Failing to exercise reasonable care when operating his vehicle;

b. Failing to observe and account for his surroundings prior to moving his vehicle in reverse;

c. Failing to ensure that pedestrians, such as the Plaintiff, were not positioned behind his vehicle before moving his vehicle in reverse;

d. Failing to drive at a safe and appropriate speed;

e. Failing to maintain control of his tractor trailer;

f. Failing to operate his tractor trailer in such a way as to ensure the safety of nearby individuals, such as the Plaintiff;

g. Operating his tractor trailer without regard to the safety of pedestrians around him; and

h. Operating his tractor trailer in a manner striking the Plaintiff.

53. As a result of the negligence and carelessness of the Defendants, Plaintiff suffered significant permanent injuries, including but not limited to a leg fracture, the tearing of his ACL, which necessitated surgery, and other serious injuries.

54. Due to the various injuries Plaintiff suffered in the subject accident, he has endured ongoing pain and suffering and now continues to experience physical limitations that affect his daily life.

55. Due to the various injuries Plaintiff suffered in the subject accident, he can no longer work to the same extent and in the same capacity as he did prior to the accident, and such loss shall continue indefinitely into the future.

56. Plaintiff's work limitations will continue indefinitely and are permanent in nature, impairing his earning capacity.

57. Plaintiff incurred medical expenses and will continue to incur future medical expenses related to the injuries he sustained as a result of the aforementioned accident.

58. Plaintiff suffered wage loss and will continue to endure future wage loss related to the injuries he sustained as a result of the aforementioned accident.

**WHEREFORE**, Plaintiff, Christopher Holloway, prays for judgment in his favor and against the Defendants in an amount in excess of $50,000.00, together with interest, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully Submitted,

Dated: 5/12/2106 By: *John M. Popilock/s/*

**LAW OFFICES OF ROBERT A. STUTMAN, P.C.**

John M. Popilock, Esquire
David A. Herman, Esquire
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
P: (215) 283-1177
F: (215) 283-1188
E: PopilockJ@StutmanLaw.com
E: HermanD@StutmanLaw.com
*Attorneys for Plaintiff*

**VERIFICATION**

I, Christopher Holloway, hereby state that I am acquainted with the facts set forth in Plaintiff's Complaint, not based entirely on my personal knowledge, but I do believe the same to be true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

[signature]
Christopher Holloway

Dated: 5-3-2016

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | **CIVIL ACTION** |
| **CHRISTOPHER HOLLOWAY** | : | **No.** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **IVESCO HOLDINGS, LLC;** | : | |
| **IVESCO, LLC; MWI VETERINARY** | : | |
| **SUPPLY, INC.; and** | : | **JURY TRIAL DEMANDED** |
| **CHRISTOPHER MCGUFFIN** | : | |

**RULE 7.1 DISCLOSURE**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendants IVESCO Holdings, LLC and IVESCO, LLC are wholly owned subsidiaries of Defendant MWI Veterinary Supply, Inc. Defendant, MWI Veterinary Supply, Inc. is a wholly owned subsidiary of AmerisourceBergen Corporation, a publically traded company.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

By: ______________________
JOSEPH R. BONFIG, ESQUIRE
ROSS J. DI BONO, ESQUIRE
*Attorneys for Defendants,*
*IVESCO Holdings, LLC, IVESCO, LLC,*
*MWI Veterinary Supply, Inc. and Christopher McGuffin*

Date: June 2, 2016

**APPENDIX I**

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER HOLLOWAY** | : | **CIVIL ACTION** |
| | : | **No.** |
| **v.** | : | |
| **IVESCO HOLDINGS, LLC; IVESCO, LLC; MWI VETERINARY SUPPLY, INC.; and CHRISTOPHER MCGUFFIN** | : | **JURY TRIAL DEMANDED** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| June 2, 2016 | Joseph R. Bonfig, Esq. | DEFENDANTS |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-2800 | (215) 569-1606 | jrbonfig@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

# UNITED STATES DISTRICT COURT

**Appendix F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 15 E. Main Street, New Freedom, PA 17349

Address of Defendant: See attached rider

Place of Accident, Incident or Transaction: The Mill of Bel Aire, 424 N. Main Street, Bel Air, MD 21014

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ■ No ☐

See Attached Rule 7.1(a) disclosure

Does this case involve multidistrict litigation possibilities? Yes ☐ No ■

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ■
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ■
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ■
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ■

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ■ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) – Negligence
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** ______ ______ Attorney-at-Law ______ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I, Joseph R. Bonfig, Esq., certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** June 2, 2016 ______ Attorney-at-Law **PA Attorney ID: 87777** Attorney I.D.#

CIV. 609 (6/08)

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | **CIVIL ACTION** |
| **JONAH WAMAH** | : | **No.** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MEGABUS PHILADELPHIA, LLC;** | : | |
| **MEGABUS NORTHEAST, LLC; MEGABUS** | : | |
| **USA, LLC; COACH USA, INC.; and** | : | **JURY TRIAL DEMANDED** |
| **COACH USA NORTHEAST, INC.** | : | |

**RIDER**

**Defendants' Addresses**

IVESCO Holding, LLC
124 Country Club Lane
Iowa Falls, IA 50126

IVESCO, LLC
124 Country Club Lane
Iowa Falls, IA 50126

MWI Veterinary Supply, Inc.
3401 W. Pasadena Drive
Boise, ID 83705

Christopher McGuffin
99 Laurel Hill Road
Verona, VA 24482