**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER HOLLOWAY<br>*Plaintiff* | |
| v. | CIVIL ACTION |
| IVESCO HOLDINGS, LLC; IVESCO, LLC, MWI VETERINARY SUPPLY, INC., AND CHRISTOPHER MCGUFFIN | NO.2:2016-cv-02712 |
| *Defendants* | JURY TRIAL DEMANDED |

**DEFENDANTS, IVESCO HOLDINGS, LLC, IVESCO, LLC, MWI VETERINARY SUPPLY, INC, AND CHRISTOPHER MCGUFFIN'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

**NOW COMES**, Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin (collectively "Answering Defendants"), by and through the undersigned counsel, and hereby Answer Plaintiff, Christopher Holloway's Complaint with Affirmative Defenses, and avers as follows:

1. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

7. Admitted in part, denied in part. It is admitted that Christopher McGuffin was/is a truck driver who delivers products/shipments on behalf of his employers. It is denied that Christopher McGuffin is employed by the Corporate Defendants. Rather, Christopher McGuffin is employed by MWI Veterinary Supply, Inc.

8. Denied.

9. Denied.

10. Denied.

11. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

12. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

13. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

14. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

15. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

16. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

17. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint. Said averments are, therefore, denied, and strict proof is demanded at the time of trial.

**COUNT I**

18. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 17 of Plaintiff's Complaint as though fully set forth herein at length.

19. Denied. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff’s Complaint or to any injury, damage and/or loss to the Plaintiff, the existence of which are denied. Defendant IVESCO Holdings, LLC, denies

that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

20. (a-h). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. Defendant IVESCO Holdings, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

21. Denied. Defendant IVESCO Holdings, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence in hiring, retaining, and supervising him. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

22. (a-k). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. Defendant IVESCO Holdings, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

23. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

24. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

25. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

26. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments

respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

27. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

28. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

**WHEREFORE**, Answering Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin, demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

**COUNT II**

29. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 28 of Plaintiff's Complaint as though fully set forth herein at length.

30. Denied. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the

occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiff, the existence of which are denied. Defendant IVESCO, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

31. (a-h). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. Defendant IVESCO, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

32. Denied. Defendant IVESCO, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence in hiring, retaining, and supervising him. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

33. (a-k). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. Defendant IVESCO, LLC, denies that Christopher McGuffin was/is an agent/employee, and thus denies any negligence as a result of his acts/omissions. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are

conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

34. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

35. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

36. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

37. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering

Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

38. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

39. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

**WHEREFORE**, Answering Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin, demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

**COUNT III**

40. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 39 of Plaintiff's Complaint as though fully set forth herein at length.

41. Denied. Answering Defendants specifically deny that they are negligent in any way and that any such conduct on the part of Answering Defendants caused or contributed to the occurrence of the accident described in Plaintiff's Complaint or to any injury, damage and/or loss to the Plaintiff, the existence of which are denied. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

42. (a-h). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

43. Denied. Defendant BWI Veterinary Supply, Inc., specifically denies that Christopher McGuffin was negligently hired, trained, or supervised. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

44. (a-k). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint. Defendant BWI Veterinary Supply, Inc., specifically denies any negligence as a result of the acts and/or omission of Christopher McGuffin. By way of further response, the averments contained in this paragraph of Plaintiff's Complaint are conclusions of

law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure.

45. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

46. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

47. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

48. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering

Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

49. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

50. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

**WHEREFORE**, Answering Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin, demand that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

## COUNT IV

51. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 50 of Plaintiff's Complaint as though fully set forth herein at length.

52. (a-h). Denied. Answering Defendants specifically deny that they are negligent either in general, or by any of the means specified in sub-paragraphs (a) through (h) of this paragraph of Plaintiff's Complaint.

53. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

54. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

55. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

56. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed

denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

57. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

58. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no further response is required and they are, therefore, deemed denied under the applicable Rules of Civil Procedure. By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

**WHEREFORE**, Answering Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin, demands that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

**AFFIRMATIVE DEFENSES**

59. Answering Defendants hereby incorporate by reference their denials, admissions and responses to each and every preceding paragraph of Plaintiff's Complaint as though fully set forth at length herein.

60. If an accident occurred in the manner alleged by the Plaintiff then such accident occurred as a result of the negligence of the Plaintiff and under the terms of the Comparative Negligence Act of 1976, 42 Pa. C.S.A. 7102 et seq., the Plaintiff is not entitled to recover from Answering Defendants or the recovery is to be reduced in accordance with the terms of the aforesaid Act.

61. If it is judicially determined that the Plaintiff suffered any injuries and/or damages as a result of the accident as alleged in Plaintiff's Complaint then such damages were proximately caused by the negligence of Plaintiff and/or a third party entity, not Answering Defendants.

62. If the Plaintiff suffered any injuries/damages as alleged, they were caused solely and primarily by Plaintiff's and/or a third party's carelessness, negligence and/or contributory negligence.

63. By the actions at the date, time and place stated in the Plaintiff's Complaint, the Plaintiff did knowingly assume the risk of any and all injuries or damages which he alleges to have suffered.

64. If Answering Defendants were negligent in any respect as alleged in Plaintiff's Complaint, all allegations being specifically denied, then Answering Defendants' negligence was passive and the damages sustained by the Plaintiff was the result of an intervening negligent act or a third person or persons over whom Answering Defendants had no control, right of control or

responsibility, which was a superseding cause of the damages, and therefore, Answering Defendants are not liable.

65. At all times material hereto, Answering Defendants acted reasonably in the performance of any alleged common law obligations.

66. Answering Defendants did not breach a duty to Plaintiff.

67. Answering Defendants did not act in a negligent and/or careless manner at any time material to the instant lawsuit.

68. Answering Defendants interplead any and all defenses available to it under all statutes and regulations of the Commonwealth of Pennsylvania and the United States, including but not limited to the Federal Motor Safety Carrier Regulations and the "Graves Amendment" to the Safe, Accountable, Flexible Efficient Transportation Act (See 49 U.S.C. § 30106).

69. Plaintiff's claims are barred by Plaintiff's comparative and/or contributory negligence.

70. Plaintiff's damages, if any, should be reduced as a result of Plaintiff's comparative and/or contributory negligence.

71. Plaintiff's claims for relief are barred and/or limited by facts and defenses which will become evident during discovery, and Answering Defendants specifically reserve their right to amend their Affirmative Defenses at a later date to reflect said defenses.

**WHEREFORE**, Answering Defendants, IVESCO Holdings, LLC, IVESCO LLC, MWI Veterinary Supply, Inc., and Christopher McGuffin, demands that judgment be entered in their favor and against all other parties, along with such other relief as this Honorable Court deems appropriate.

By: /s/ *Joseph R. Bonfig*

JOSEPH R. BONFIG, ESQUIRE
ROSS J. DI BONO, ESQUIRE
**ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER & TODDY, P.C.**
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Facsimile: (215) 569-1606
*Attorneys for Defendants, IVESCO Holdings, LLC, IVESCO, LLC, MWI Veterinary Supply, Inc. and Christopher McGuffin*
jrbonfig@zarwin.com
rjdibono@zarwin.com

Date: June 9, 2016

**CERTIFICATE OF SERVICE**

I, Joseph R. Bonfig, Esquire, and Esquire certify that on this date, a true and correct copy of the Answer to Plaintiff's Complaint was served by First Class U.S. Mail postage prepaid and via the Court's Electronic Filing System ("ECF") to the following:

John M. Popilock, Esq.
David A. Herman, Esq.
Law Offices of Robert A. Stutmen, P.C.
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
*Attorneys for Plaintiff*

By: /s/ *Joseph R. Bonfig*

JOSEPH R. BONFIG, ESQUIRE
ROSS J. DI BONO, ESQUIRE
**ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER & TODDY, P.C.**
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Facsimile: (215) 569-1606
*Attorneys for Defendants, IVESCO Holdings, LLC, IVESCO, LLC, MWI Veterinary Supply, Inc. and Christopher McGuffin*
jrbonfig@zarwin.com
rjdibono@zarwin.com

Date: June 9, 2016